**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-2242**

_____

SPENCER E. JONES, III,

              Plaintiff - Appellant,

         v.

ROSS STERNHEIMER, CEO, Everything Casual, incorporated f/n/a
Sternheimer Bro., Inc., t/a A & N Stores; PAT MONEY,
Assistant CEO, Everything Casual, Inc., f/n/a Sternheimer
Bro., Inc., t/a A & N Stores; ADDRIANE LATHAN, Head of Human
Resources, Everything Casual, Inc., f/n/a Sternheimer Bro.,
Inc., t/a A & N Stores; JAMES BAILEY, Warehouse Manager,
Everything Casual, Inc., f/n/a Sternheimer Bro., Inc., t/a A
& N Stores; ANGELA CRAWLEY, Dock Supervisor, Everything
Casual, Inc., f/n/a Sternheimer Bro., Inc., t/a A & N
Stores,

              Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge. (3:09-cv-00648-REP)

_____

Submitted:  June 14, 2010            Decided:  July 6, 2010

_____

Before WILKINSON, KING, and AGEE, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

_____

Spencer E. Jones, III, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Spencer Jones, III, appeals the district court's order denying his motion to proceed in forma pauperis and instructing the clerk not to file Jones's complaint. In his complaint, Jones raises general allegations of discriminatory retaliation and termination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2006) ("Title VII"); the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 to 634 (2006); and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (2006) ("ADA"). Additionally, Jones alleged that his termination violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2619 (2006) and the Equal Pay Act, 29 U.S.C. § 206(d) (2006). Jones also filed a motion for leave to proceed in forma pauperis.

The basis for the district court's denial of Jones's motion to proceed in forma pauperis and instruction to the clerk not to file Jones's complaint was its finding that Jones's complaint was frivolous, as Jones sought relief against individual employees under statutes that the district court concluded afforded redress only against employers. Additionally, the district court noted that it had previously dismissed a prior complaint against the same individual defendants on such a basis, see Jones v. Sternheimer Bros.,

3

<u>Inc.</u>, No. 3:08-cv-00187-REP (E.D. Va. Aug. 27, 2009), and found that the allegations raised in this complaint were virtually identical to those made in the prior complaint. Jones filed a timely appeal. We affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.

Initially, we note that the district court did not explicitly dismiss Jones's action. Instead, it issued a sua sponte order instructing the clerk not to file Jones's complaint on the grounds that it was frivolous and without merit. Nevertheless, such action was akin to a frivolity dismissal under 28 U.S.C. § 1915(e)(2)(B) (2006), and we analyze it accordingly.

A federal court possesses authority to dismiss an in forma pauperis case at any time the court determines the action or appeal is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2006). "The overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred." <u>Nagy v. FMC Butner</u>, 376 F.3d 252, 257 (4th Cir. 2004). Dismissal of an action or appeal is appropriate when it lacks an arguable basis

4

in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We review such dismissals for abuse of discretion.  Nagy, 376

F.3d at 254.

In his informal brief, Jones contends that the claims

in the instant case, though against some of the same parties,

are not identical to the issues raised in No. 09-2375.

Additionally, in his notice of appeal, Jones argued that, though

captioned against six defendants in their individual capacities,

his action lay instead against Everything Casual, Inc., a

corporation formerly known as Sternheimer Bros, Inc., which

operated the now-defunct A & N stores in Virginia.

However, regardless of Jones's purported intent, the

complaint in its current form raises allegations against several

former employees of Everything Casual, Inc., in their individual

capacities.  The district court found that Jones's complaint

sought "relief from individual employees for alleged violations

of federal statutes . . . [that] afford[] relief only against

employers."  This statement is not entirely accurate.  To the

extent that the finding applied to Jones's claims under Title

VII, the ADA, and the ADEA, the district court was correct, as

these statutes do not provide for causes of action against

5

defendants in their individual capacities.[*] See McNeal v. Montgomery County, Md., 307 F. App'x 766, 775 n.6 (4th Cir. 2009) (argued but unpublished) ("[O]nly an employer, not an individual employee, may be held liable under the ADEA."); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) (finding that neither Title VII nor the ADA provides for actions against individual defendants for violation of its provisions).

Conversely, whether the FMLA imposes liability on employee supervisors in their individual capacities is an open question in this circuit, as we have expressly declined to decide this issue when it has arisen before us. See Lizzi v. Alexander, 255 F.3d 128, 136 n.1 (4th Cir. 2001) ("[W]e do not address the question of whether, in an action against a private employer, an individual supervisor is subject to personal liability for violating the FMLA."); Hukill v. Auto Care, Inc., 192 F.3d 437, 441 n.5 (4th Cir. 1999) ("The district court did not squarely address whether McGillicuddy was subject to individual liability under the FMLA. We note that this court has not addressed this issue and need not address it today."). Further, at least two other circuits have found such liability

---

[*] Regardless of whether the Equal Pay Act imposes liability upon employee supervisors, Jones entirely fails to allege any form of gender discrimination, so this claim is without merit. See 29 U.S.C. § 206(d) (2006).

6

exists. See Mitchell v. Chapman, 343 F.3d 811, 827 (6th Cir. 2003) ("As under the FLSA, individuals such as corporate officers "acting in the interest of an employer" are individually liable for any violations of the requirements of the FMLA."); Darby v. Bratch, 287 F.3d 673, 681 (8th Cir. 2002) (noting that private sector employees are subject to liability under the FMLA for actions taken "in the interest of an employer to any employees of such employer.").

Accordingly, because this issue is an open question in this circuit, we find that the district court abused its discretion in summarily dismissing Jones's action as frivolous. However, in so holding, we express no opinion as to the viability of Jones's claim. Indeed, the fact that the district court's frivolity dismissal was in error is not to say that there is any basis to Jones's claim, or that dismissal for failure to state a claim would have been inappropriate. See Neitzke v. Williams, 490 U.S. 319, 328 (1989) ("When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal on [Federal] Rule [of Civil Procedure] 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not."). Should the Defendants file a dismissal motion following remand, the district court may well reach the

7

conclusion that the FMLA does not provide for a cause of action against corporate officers in their individual capacities, and may thus dismiss on that basis, without contravening our present holding. However, in such an instance, the dismissal would be for failure to state a claim following a Rule 12(b)(6) motion, not upon a sua sponte finding that Jones's claim was wholly frivolous. Here, the fact that supervisory liability under the FMLA is an open question in this circuit necessarily renders the district court's frivolity dismissal in error.

Accordingly, we grant leave to proceed in forma pauperis, affirm the district court's judgment as to Jones's claims under Title VII, the ADEA, the ADA, and the Equal Pay Act, vacate the district court's judgment as to Jones's FMLA claim, and remand in order to allow Jones to file his complaint under the FMLA. Additionally, as noted above, Jones has indicated some confusion in his notice of appeal and informal brief as to whether he intended to proceed against corporate entities or individual defendants in this action. Therefore, we advise Jones that, under Fed. R. Civ. P. 15(a)(2), he may request leave of court to amend his complaint to substitute or include whatever intended Defendants he may wish to add to his complaint. However, we express no opinion on the likely outcome or merits of any such request. We dispense with oral argument

8

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
