FILED

NOT FOR PUBLICATION

DEC 11 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY STEVESON, a Washington citizen,

Plaintiff - Appellant,

v.

UNITED SUBCONTRACTORS, INC, a Utah corporation doing business in the State of Washington,

Defendant - Appellee.

No. 09-35001

D.C. No. 3:08-cv-05558-FDB

MEMORANDUM [*]

Appeal from the United States District Court
for the Western District of Washington
Franklin D. Burgess, District Judge, Presiding

Submitted December 9, 2009[**]
Seattle, Washington

Before: BEEZER, GOULD and TALLMAN, Circuit Judges.

Larry Steveson brought this diversity action against his former employer,

United Subcontractors, Inc. ("USI"), claiming that, in terminating his employment

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

following a merger and consolidation of business operations, USI breached the employment contract and withheld compensation in violation of Washington state law. He also sought to have the district court invalidate the employment contract's restrictive covenant limiting his ability to compete as a commissioned sales representative of insulation products and to award him injunctive and declaratory relief. The district court granted USI's motion to dismiss all claims, finding that (1) there was no breach of contract because Steveson was an at-will employee at the time of his termination, (2) even if USI had breached the contract, Washington Revised Code section 49.52.050 provided no remedy for future compensation, and (3) the covenant not to compete was applicable whether a person was terminated with or without cause. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Steveson claims that USI breached his contract by terminating his employment without just cause. Washington law states that "[a] contract for employment is subject to the same rules that govern the construction of other contracts." *Comfort & Fleming Ins. Brokers, Inc. v. Hoxsey*, 613 P.2d 138, 141 (Wash. Ct. App. 1980). "Washington . . . follow[s] the objective manifestation theory of contracts." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005). This means that "the subjective intent of the parties is generally

irrelevant if the intent can be determined from the actual words used." *Id.* (citing *City of Everett v. Estate of Sumstad*, 631 P.2d 366, 367 (Wash. 1981)). Washington courts "do not interpret what was intended to be written but what was [actually] written." *Id.* (citation omitted). Furthermore, Washington law forbids the introduction of extrinsic evidence, including a party's subjective intent, "to 'show an intention independent of the instrument' or to 'vary, contradict or modify the written word.'" *Id.* (quoting *Hollis v. Garwall, Inc.*, 974 P.2d 836, 843 (Wash. 1999)).

The language of the contract is clear to us, though Steveson argues that his subjective intent was different from the written and signed contractual provisions. Here, Paragraph 3 of the employment contract states that Steveson was "terminable at will . . . in accordance with the notice provisions of Paragraph 10 of [the] Agreement." The notice provisions are then set forth in Paragraph 10, and, after negotiations between the parties, were rewritten to state that termination for "just cause" requires written notice seven days in advance of termination, and termination "for cause" is effective immediately upon receipt of notice by the employee. By so amending the standard USI employment contract, Steveson did not, as he argues, change his status as an at-will employee. Instead, he and USI amended the notification provisions to exclude notice for termination without

cause. While this alteration is enforceable, it does not affect the legal status of Steveson's at-will employment. The district court properly found that the contract remained terminable at either party's discretion.

Second, Steveson claims that he is entitled to damages for intentional withholding of compensation. This claim is premised on the fact that USI breached its contract with Steveson. Because Steveson's breach of contract claim fails, *see supra*, so too does his allegation that USI willfully withheld compensation in violation of Washington Revised Code sections 49.52.050, 49.52.070, and 49.48.410. Additionally, these provisions are not a statutory basis for computing damages which flow from a breach of the contract.

Finally, Steveson argues that the district court erred by dismissing his claims relating to the enforceability of the employment contract's covenant not to compete because he was terminated without just cause.[1] The contract specifically states that the restrictive covenant is applicable whether an employee is terminated "with or

---

[1] To the extent Steveson raises new arguments on appeal outside his opposition in the district court to USI's motion to dismiss, those claims are deemed abandoned and are not properly before this court. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).

4

without cause." The district court did not err in dismissing Steveson's claims regarding the contract's covenant not to compete.

**AFFIRMED.**