**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD L. PORTER, | No. 10-15882 |
| Plaintiff - Appellant, | D.C. No. 1:03-cv-06291-AWI-SMS |
| v. | |
| RAY MABUS, Secretary, U.S. Department of the Navy,[*] | MEMORANDUM[**] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Ronald L. Porter appeals pro se from the district court's judgment

dismissing his employment action against the Navy.  We have jurisdiction under

_____

[*]       Ray Mabus is substituted for his predecessor, B.J. Penn, as Secretary of the Department of the Navy under Fed. R. App. P. 43(c)(2).

[**]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008). We review for an abuse of discretion a district court's decision to dismiss a duplicative action. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). We affirm.

The district court did not abuse its discretion by dismissing Porter's claims that were duplicative of his claims in his other pending actions. *See id.* ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." (citation and internal quotation marks omitted)).

After dismissing Porter's duplicative claims, the district court properly dismissed Porter's action as moot because the court could not grant any relief on Porter's remaining claims. *See Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (a case is moot if there is no longer a possibility that the litigant can obtain relief for his claim); *see also Landgraf v. USI Film Prods.*, 511 U.S. 244, 254 (1994) (prior to the enactment of the Civil Rights Act of 1991, Title VII did not allow for recovery of backpay "unless the discrimination was also found to have some concrete effect on the plaintiff's employment status, such as a denied promotion, a differential in compensation, or termination"); *Walsh v. Nev. Dep't of*

*Human Res.*, 471 F.3d 1033, 1036-37 (9th Cir. 2006) (former employee, who did not seek reinstatement in her lawsuit, could not seek injunctive relief regarding former employer's anti-discrimination policies); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1201 (9th Cir. 2002) ("Prior to the enactment of the Civil Rights Act of 1991, Title VII forbade imposition of punitive, or of compensatory, damages; the original Act provided only for equitable remedies.").

Porter's remaining contentions are unpersuasive.

**AFFIRMED.**