**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL A. LEON,

              Plaintiff - Appellant,

   v.

DANAHER CORPORATION, a
corporation; et al.,

              Defendants - Appellees.

No. 11-17145

D.C. No. 4:10-cv-00587-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

     Michael A. Leon appeals pro se from the district court's judgment

dismissing his employment action alleging discrimination and retaliation claims

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Leon's request
for oral argument is denied.

under Title VII and the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011), and we affirm.

The district court properly dismissed Leon's claims against the individual defendants because neither Title VII nor the ADA impose liability on individual employees. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006).

The district court properly dismissed Leon's claims arising from events allegedly occurring during his employment because Leon failed to exhaust his administrative remedies in a timely manner. *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (Under Title VII and the ADA, "failure to file an EEOC charge within the prescribed 300-day period . . . is treated as a violation of a statute of limitations[.]"), *overruled on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1194-96 (9th Cir. 2001) (en banc).

The district court properly dismissed Leon's claims arising from his alleged attempts in 2010 to seek re-employment with his former employer because Leon failed to exhaust his administrative remedies. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) ("Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court

unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." (citation and internal quotation marks omitted)).

The district court properly dismissed Leon's remaining discrimination claims arising from events allegedly occurring after his employment, such as his former employer warning employees that Leon was a threat, because the alleged conduct did not affect his employment. *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006) (Title VII anti-discrimination provision limited to conduct that affects employment); *see also* 42 U.S.C. § 12112(a) (ADA anti-discrimination provision).

The district court properly dismissed Leon's retaliation claims arising from events allegedly occurring after his employment because Leon failed to allege that he complained about discrimination that is protected by Title VII or the ADA. *See Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988) (complaining about conduct that could not reasonably be believed to be discrimination under Title VII does not constitute protected activity); *see also* 42 U.S.C. § 12203 (ADA anti-retaliation provision).

Leon's remaining contentions, including those concerning denial of oral argument and appointment of counsel, are unpersuasive.

**AFFIRMED.**