**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

NOV 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY R. HERSON, | No. 12-17102 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00633-LRH-WGC |
| v. | |
| CITY OF RENO, | MEMORANDUM* |
| Defendant - Appellee, | |
| And | |
| STATE OF NEVADA, | |
| Defendant. | |
| BROOKLYN PATRIOTS OF LOS ANGELES, INC., | No. 13-15420 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00659-LRH-WGC |
| v. | |
| CITY OF RENO, | |
| Defendant - Appellee. | |

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: REINHARDT and HAWKINS, Circuit Judges and MOLLOY,[**] Senior District Judge.

The plaintiffs in these cases, Jeffrey Herson and Brooklyn Patriots of Los Angeles ("BPLA"), are both in the business of erecting billboards in the City of Reno ("the City"). Each filed suit to challenge Reno Municipal Code ("RMC") sections regulating the placement of signs within the City as unconstitutional under the First Amendment. After the district court separately dismissed both actions on jurisdictional grounds for lack of standing, both plaintiffs appealed. Presenting near-identical facts and claims, the cases were consolidated for oral argument and are disposed of together herein. This court has jurisdiction pursuant to 28 U.S.C. § 1291, and affirms.

Herson and BPLA allege that each intended to lease out for-profit portions of space on their billboards to display others' "off-premises" commercial speech, or speech "promoting the commercial interests" of an entity whose goods or services are "not principally sold, available or otherwise provided on the premises on which the

[**] The Honorable Donald W. Molloy, Senior District Judge for the U.S. District Court for the District of Montana, sitting by designation.

2

display is located." RMC § 18.24.203.4560.23. Plaintiffs planned to use the remaining space to display their own non-commercial messages, or those of others. The City's Sign Code requires that all persons who wish to erect signs first obtain sign permits. RMC § 18.16.202. In addition, the City requires that all for-profit enterprises in the city obtain a general business license. RMC §§ 4.04.007; 4.04.020; 4.04.150. The parties do not dispute that neither Herson nor BPLA at any point applied for or obtained business licenses or sign permits.

Rather than apply for business licenses or sign permits, or erect their billboards without authorization, Herson and BPLA brought facial and as-applied challenges to the City's Sign Code. Plaintiffs allege that certain provisions of the Sign Code are impermissibly content-based; offer greater protection to commercial than to non-commercial speech; and grant unbridled discretion to City sign permit and variance decision makers by failing to impose sufficiently specific criteria, time constraints, and explanation requirements.

The district court dismissed these claims on the basis that, absent any effort to apply for business licenses, Herson and BPLA fail to demonstrate the injury, causation, and redressability necessary for standing in federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 891 (9th Cir. 2007).

3

We agree, and reject their attempt, raised for the first time on appeal, to mount a facial challenge to the City's business license requirement. First, Herson and BPLA have likely waived any challenge to the City's business license requirement because they did not sufficiently include such a challenge in their respective complaints. Moreover, the plaintiffs did not address the City's arguments regarding the business license requirement in their respective oppositions to the City's motion to dismiss for lack of standing. *See Walsh v. Nevada Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Issues not presented to a district court generally cannot be heard on appeal.").

Second, even if, as the plaintiffs argue, their complaints could be read as challenging both the business license requirement and the Sign Code, and if we were to overlook their failure to address the argument in their oppositions, they would lack standing for a facial challenge to the business license requirement. Generally applicable licensing requirements are not susceptible to a facial challenge absent demonstration of a clear nexus between the licensing scheme and First Amendment-protected expressive activity, such that the disputed regulations "pose a real and substantial threat of the identified censorship risks." *City of Lakewood v. Plain Dealer Pub. Co.*, 486 U.S. 750, 759 (1988). The City's business license requirement—a requirement that applies to *all* for-profit businesses operating in the City—has no such nexus to expressive activity. Because neither plaintiff possesses a business license,

4

each lacks standing to bring a facial challenge to the City's Sign Code, as any relief that this court might offer as to the Sign Code would not redress their alleged injury. *See Get Outdoors II*, 506 F.3d at 894-95.

    **AFFIRMED.**