NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. Steven Mateski, <br><br> Plaintiff - Appellee, <br><br> and <br><br> RAYTHEON COMPANY, <br><br> Defendant - Appellee, <br><br> v. <br><br> STEVEN MATESKI, <br><br> Plaintiff - Appellant. | No. 14-56798 <br><br> D.C. No. 2:07-cv-07035-BRO-FMO <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted November 2, 2015
Pasadena, California

Before: SCHROEDER, PREGERSON, and FRIEDLAND, Circuit Judges.

Relator Steven Mateski appeals the district court's order granting the

Government's motion to dismiss this case pursuant to 31 U.S.C. § 3730(c)(2)(A).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We affirm.

To obtain dismissal under 31 U.S.C. § 3730(c)(2)(A), the Government must identify a valid governmental purpose and demonstrate a rational relationship between dismissal and accomplishment of the purpose. *U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998). The Government has accomplished both in this case. The Government identified two governmental purposes—preventing the disclosure of classified information and conserving the government's resources—and Mateski has not challenged the fact that these are valid purposes in the abstract. *See id.*; *see also CIA v. Sims*, 471 U.S. 159, 175 (1985) ("The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service.") (quoting *Snepp v. United States,* 444 U.S. 507, 509 n.3 (1980) (per curiam)). The Government has demonstrated a rational relationship between avoiding the disclosure of classified information and dismissal. Dismissal would prevent the inadvertent disclosure of classified information by the parties during the course of litigation, including any potential need for Raytheon to

2

present classified information in connection with its defense.[1] The classified document submitted by the government, and relied upon by the district court, confirms as much.

Because the "government satisfies the two-step test, the burden [then] switches to the relator to demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal." *Sequoia Orange*, 151 F.3d at 1145 (citation omitted). Mateski has not met this burden. Mateski's primary argument rests upon his contention that the information the Government has deemed classified and has redacted in this case is already in the public domain. The Government's classification decisions are entitled to deference. *See Sims*, 471 U.S. at 179 ("The decisions of the [CIA] Director, who must of course be familiar with the whole picture, as judges are not, are worthy of great deference given the magnitude of the national security interests and potential risks at stake."); *see also Dep't of Navy v. Egan*, 484 U.S. 518, 529 (1988) ("For reasons . . . too obvious to call for enlarged discussion, the protection of classified information must be committed to the broad

---

[1] Because we hold that preventing the disclosure of classified information in this case is a sufficient basis for affirming the district court's order dismissing the case, we need not consider whether the interest in conserving Government resources, standing alone, would be a sufficient basis upon which to affirm the district court.

3

discretion of the agency responsible, and this must include broad discretion to determine who may have access to it.") (alteration in original) (citation omitted).

And the Government's response to Mateski on this specific point has force—reference to an agency in one context may not be classified, but reference to that same agency in another context could be classified. *See Sims*, 471 U.S. at 178 ("[T]he very nature of the intelligence apparatus of any country is to try to find out the concerns of others; bits and pieces of data may aid in piecing together bits of other information even when the individual piece is not of obvious importance in itself. Thus, [w]hat may seem trivial to the uninformed, may appear of great moment to one who has a broad view of the scene and may put the questioned item of information in its proper context.") (second alteration in original) (citation omitted).[2]

The district court did not err in denying Mateski a hearing in this case because Mateski is only entitled to a hearing if he "presents a colorable claim that

---

[2] Mateski's separate argument that dismissal is inappropriate because his claim is meritorious, is foreclosed by case law. *Sequoia Orange*, 151 F.3d at 1147 ("We conclude that 31 U.S.C. § 3730(c)(2)(A) permits the government to dismiss a meritorious qui tam action over a relator's objections.").

the settlement or dismissal is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, or that the Government's decision was based on arbitrary or improper considerations." *Sequoia Orange*, 151 F.3d at 1145 (quoting S. Rep. No. 99–345, 26 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5266, 5291); *see also U.S. ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 753 n.11 (9th Cir. 1993).   For the reasons discussed above, Mateski did not make that showing.

Finally, Mateski does not prevail on his procedural due process claim because he has not demonstrated a liberty or property interest sufficient to trigger procedural due process rights.   *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty.").   "The FCA makes clear that notwithstanding the relator's statutory right to the government's share of the recovery, the *underlying claim of fraud always belongs to the government*."   *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007) (emphasis added).   Even if Mateski could demonstrate a sufficient property interest, due process was afforded him through notice of the Government's intent to seek dismissal and the opportunity to submit his arguments

5

to the court by way of an opposition to the motion to dismiss and a motion for reconsideration. *See Walls v. Cent. Contra Costa Transit Auth.*, 653 F.3d 963, 968 (9th Cir. 2011) (per curiam).[3]

For the foregoing reasons, we affirm the district court's grant of the Government's motion to dismiss.

AFFIRMED.

---

[3] Mateski failed to preserve his equal protection and substantive due process claims because he did not raise them in the district court, and we decline to reach them. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).