**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CARLA VAN PELT, | No. 13-15906 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-00061-HDM-VPC |
| v. | |
| STATE OF NEVADA, EX REL. NEVADA DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Submitted February 9, 2016[**]
San Francisco, California

Before: HAWKINS, W. FLETCHER, and MURGUIA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Carla Van Pelt ("Van Pelt") appeals the summary judgment grant to defendant State of Nevada *ex rel.* Department of Corrections ("NDOC") on her Title VII claim of disparate treatment gender discrimination. We affirm.

A plaintiff alleging disparate treatment under Title VII must first establish a prima facie case of discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981). A prima facie case is established for plaintiffs who can "show that: (1) they belonged to a protected class; (2) they were qualified for their jobs; (3) they were subjected to an adverse employment action; and (4) similarly situated employees not in their protected class received more favorable treatment." *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006). Van Pelt was terminated for chronically being late to work and/or leaving early, and then falsifying logbooks and timesheets to show she had worked longer hours than she actually did.

The district court properly found that Van Pelt failed to carry her burden at the fourth prong because she failed to identify any male employees who committed similar transgressions but were not fired. *See Vasquez v. County of Los Angeles,* 349 F.3d 634, 641 (9th Cir. 2003) (no inference of discrimination where employees not similarly situated and the type and severity of alleged offense dissimilar); *see also Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1156-58 (9th Cir. 2010).

Van Pelt waiver her argument that she established disparate treatment with direct evidence of discrimination, because she failed to present that argument to the district court. *See Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Issues not presented to a district court generally cannot be heard on appeal."). Although Van Pelt survived summary judgment on her Title VII retaliation claim, she stipulated to dismiss this claim with prejudice prior to trial, along with "any other First Amendment claim that can be read as asserted" in her complaint, and "any claim of hostile work environment/sexual harassment." Accordingly, no other claims mentioned in her opening brief are properly before us.

**AFFIRMED.**