**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW FRANK STOCK, an individual, | No. 14-16844 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00389-MMD-VPC |
| v. | |
| NV ENERGY, INC., a corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and BENNETT,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Matthew Stock was employed by Sierra Pacific Power Company ("SPPC"), which does business in Nevada as "NV Energy." NV Energy, Inc., however, is a holding company for SPPC, and the two are legally separate entities.

Stock brought suit against NV Energy, Inc., for employment discrimination on July 19, 2012. He filed the operative First Amended Complaint on October 18, 2012, alleging claims of discrimination on the basis of disability under 42 U.S.C. § 12112(a), discrimination on the basis of perceived disability, and failure to engage in the interactive process. Before Stock filed his First Amended Complaint, NV Energy, Inc.'s counsel requested in an email that Stock list SPPC as the defendant instead of NV Energy, Inc.

Stock nonetheless filed the First Amended Complaint with NV Energy, Inc., listed as the defendant instead of SPPC. In its answer to the First Amended Complaint, NV Energy, Inc. again pointed out the error. Stock never sought leave to amend to substitute SPPC as the proper defendant.

NV Energy, Inc., moved for summary judgment and asked that all claims against it be dismissed, as the proper defendant was Stock's employer, SPPC. Stock did not dispute that NV Energy, Inc., and SPPC were separate entities, but maintained that NV Energy, Inc., was a proper party because SPPC did business as "NV Energy." The district court rejected this argument and entered summary

judgment in favor of NV Energy, Inc., noting that Stock introduced insufficient evidence to show that NV Energy, Inc., controlled his employment. Stock timely appeals.

"A district court's grant of summary judgment is reviewed de novo." *Pac. Shores Props., LLC  v. City of Newport Beach*, 730 F.3d 1142, 1156 (9th Cir. 2013).

**1.** Title I of the Americans with Disabilities Act ("ADA"), under which Stock brings his claims, prohibits discrimination by an "employer." *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 906 (9th Cir. 2013) (citing 42 U.S.C. § 12112(a)).

"The statutory scheme and language of the ADA and Title VII are identical in many respects. Specifically, the ADA's definition of 'employer' tracks that of Title VII . . . ." *Walsh v. Nevada Dep't of Human Res*., 471 F.3d 1033, 1038 (9th Cir. 2006). For that reason, we rely on caselaw developed under both Title VII and the ADA in addressing the question whether NV Energy, Inc., was Stock's "employer." *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 858 n.9 (9th Cir. 2016) ("[C]ourts around the country—unless they find a good reason to do otherwise—generally use Title VII precedent to interpret ADA claims.").

An entity may be liable for another entity's discriminatory employment practices when "(1) the entities can be considered a single employer or integrated

3

enterprise, (2) the entities can be considered joint employers, or (3) the discriminating entity is the agent of the other entity." *Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1093 (C.D. Cal. 2002) (internal quotation marks omitted).

Stock does not point to any evidence establishing these factors. He rests his entire argument on the fact that SPPC does business as NV Energy, but he fails to cite any authority for the proposition that an entity can be treated as an "employer" merely because its name resembles that under which a different entity conducts business. Moreover, the mere fact that NV Energy, Inc., is a holding company for SPPC is not enough to impute liability. *See Allen v. Pac. Bell,* 212 F. Supp. 2d 1180, 1200 (C.D. Cal. 2002)*, aff'd in part,* 348 F.3d 1113 (9th Cir. 2003) (per curiam) (holding that under the ADA a parent corporation is not liable as an employer for the acts of a subsidiary where it exercised "no more control . . . than that typically exercised by the parent corporation in a parent/subsidiary corporate relationship").

**2.** Stock cannot demand leave to amend for the first time on appeal, and the district court could not have abused its discretion for denying a motion that was never made to it. *See Alaska v. United States*, 201 F.3d 1154, 1163–64 (9th Cir. 2000) ("Where a party does not ask the district court for leave to amend, the request on appeal to remand with instructions to permit amendment comes too

4

late." (internal quotation marks and alteration omitted)). Furthermore, it is well recognized that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The district court did not abuse its discretion.

**AFFIRMED**.