**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RYAN SYLVESTER; ANGELA ELLIS,

Plaintiffs - Appellants,

v.

SACRAMENTO COUNTY SHERIFF; COUNTY OF SACRAMENTO; SCOTT R. JONES; TIMOTHY MULLIN; DICK MAH; BOBI GRIGGS,

Defendants - Appellees.

No. 24-3390

D.C. No. 2:20-cv-01797-TLN-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted September 18, 2025
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.[**]
Concurrence by Judge R. NELSON.

Ryan Sylvester and Angela Ellis appeal the dismissal on the pleadings of

their Section 1983 suit stemming from the death of their son, Ryan Ellis. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

reverse the dismissal of the Section 1983 claim against the individual Defendants, but we affirm the dismissal of Plaintiffs' *Monell* claim against the Sacramento County Sheriff's Office.

1. The district court dismissed Plaintiffs' Section 1983 claim against individual Defendants on the ground that Plaintiffs did not "specify which right was allegedly violated or the conduct by Defendants that led to the violation of their rights." The district court further found that, "[t]o the extent Plaintiffs purport to assert their right to familial association, Plaintiffs' allegations are conclusory." But "under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011), quoted in *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Plaintiffs have sufficiently identified and supported with factual allegations their legal claim that individual Defendants violated Plaintiffs' substantive due process right to family association by wrongfully killing Ryan while he was in their custody.

This circuit recognizes a substantive due process right for parents in the companionship of their children, including their adult children. *Porter v. Osborn*, 546 F.3d 1131, 1136 (9th Cir. 2008).

In reviewing a dismissal on the pleadings, we must treat Plaintiffs' factual allegations as true. *Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir.

24-3390

2014). In their operative Third Amended Complaint, Plaintiffs alleged that "Defendants' conduct in wrongfully killing Ryan Ellis . . . constitute[d] a violation of Plaintiffs' substantive due process right including the right of familial relationship with the deceased." Plaintiffs properly identified themselves as the parents of Ryan Ellis. Plaintiffs alleged a version of events in which Defendants, angry because they could not find a gun during a prior search of the home of one of Ryan's relatives, crafted a plan to arrest Ryan with the intent to kill him on the drive to the jail. Plaintiffs contend that Defendants completed this plan by killing Ryan in a field near where Deputy Griggs reported that she had stopped her car after Ryan had supposedly jumped from the rear window. Whether Plaintiffs will be able to offer evidence to support their allegations of official murder is not before us in this appeal. Plaintiffs alleged enough at the pleading stage to overcome dismissal of their Section 1983 claim against the individual Defendants for failure to state a claim.

The district court also found that "Plaintiffs abandoned this argument by not raising it in their opposition brief." We disagree. Although Plaintiffs did not specifically name the right to family association in their brief opposing Defendants' motion to dismiss, their theory was clear enough from their complaint, and Plaintiffs wrote in their brief to the district court that "the current claim is based on the substitutive [sic] due process clause of the Fourteenth Amendment."

Construed in the context of the entire complaint and brief, Plaintiffs stated their claim sufficiently, albeit imperfectly. *Cf. Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006). ("No 'bright line' exists to determine whether an issue has been properly raised below, but 'a workable standard is that the issue must be raised sufficiently for the trial court to rule on it.'"). Plaintiffs preserved this theory for our review.

2. The pleading requirements of Rule 8, *Twombly*, and *Iqbal* apply fully to *Monell* claims, requiring "sufficient allegations of underlying facts." *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). *Monell* claims need not meet a further-heightened pleading standard. *Leatherman v. Tarrant County Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 168 (1993). To impose municipal liability under Section 1983, plaintiff must show "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).

Plaintiffs' *Monell* claim alleges that Defendants' failure to speak to Ryan's family during the investigation and their failure to provide the final investigative report to Plaintiffs constitute a "custom, policy, and practice of covering up white

on black police killings." Plaintiffs have not identified in their complaint or briefs any constitutional or legal right to consultation that would be violated by this alleged practice. Nor have Plaintiffs identified instances of this practice other than the single incident at issue. Plaintiffs have also failed to identify case law that supports their contention that this alleged single incident is sufficient to infer an established practice. On the *Monell* claim, we are left with only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which do not suffice to state a viable claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The district court correctly found that Plaintiffs' allegations about a discriminatory policy or practice by the Sacramento County Sheriff's Office do not support a viable *Monell* claim.

3. Defendants raise the defense of qualified immunity on appeal as an alternative ground for affirmance. The defense does not apply to Plaintiffs' Section 1983 claims against the individual Defendants, at least on the pleadings. Plaintiffs allege that officers intentionally killed their son and then staged his body to conceal their wrongdoing. Treating these allegations as true, as we must at this pleading stage, Defendants are not entitled to qualified immunity. *See James v. Rowlands*, 606 F.3d 646, 650 (9th Cir. 2010) (defendant is entitled to qualified immunity if his "'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'"). No

reasonable public official could think that the alleged murder was lawful. Our rejection of qualified immunity on the pleadings does not preclude individual Defendants from asserting qualified immunity later, "[o]nce an evidentiary record has been developed through discovery." *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016).

4. After dismissing Plaintiffs' Section 1983 claim, the district court declined to exercise supplemental jurisdiction over the remaining state law claim. Plaintiffs have not addressed the state law claim in their appellate briefing.

The portion of the district court judgment dismissing Plaintiffs' Section 1983 claim against the individual Defendants is **REVERSED.** In all other respects the judgment of the district court is **AFFIRMED**. The case is **REMANDED** for further proceedings consistent with this memorandum.

24-3390

*Sylvester v. Sacramento County Sheriff, et al.*, No. 24-3390



FILED

DEC 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

R. NELSON, Circuit Judge, concurring:

I concur in full with the memorandum disposition. I write separately to again highlight the need to reconsider our erroneous precedent recognizing a substantive due process right to companionship with adult children. *See Sinclair v. City of Seattle*, 61 F.4th 674, 684–86 (9th Cir. 2023) (R. Nelson, J., concurring); *Hernandez v. City of Los Angeles*, 139 F.4th 790, 812–16 (9th Cir. 2025) (en banc) (R. Nelson, J., concurring in part and dissenting in part).