NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELVIN J. KELLY, | No. 18-35961 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00522-RSM |
| v. | |
| WASHINGTON STATE DEPARTMENT OF TRANSPORTATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ and HURWITZ, Circuit Judges.

Melvin Kelly appeals pro se from the district court's summary judgment in

his employment discrimination action against his former employer, the

Washington State Department of Transportation ("WSDOT"), and his former

supervisors, alleging claims for race, age, and disability discrimination and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

retaliation arising out of his termination. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment on Kelly's claims for race, age, and disability discrimination against defendants Eng, McCormick, Blomber, and Morris because individuals cannot be held liable for damages under Title VII, the Age Discrimination in Employment Act ("ADEA"), and Title I of the Americans with Disabilities Act ("ADA"). *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (Congress imposed liability only on employers under Title VII and the ADEA, not individuals ); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037-38 (9th Cir. 2006) (individuals cannot be held liable for damages under the ADA).

The district court properly granted summary judgment on Kelly's age and disability discrimination claims against defendant WSDOT because the Eleventh Amendment bars such claims against states. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 66-67 (2000) (the Eleventh Amendment bars ADEA claims against states); *see also Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (the Eleventh Amendment bars ADA claims against states).

The district court properly granted summary judgment on Kelly's race discrimination and retaliation claims against defendant WSDOT because Kelly

failed to establish a prima facie case of race discrimination or retaliation.  *See*

*Hawn*, 615 F.3d at 1156 (requirements for a prima facie case of race discrimination

under Title VII); *Campbell v. Haw. Dep't of Educ.*, 892 F.3d 1005, 1021 (9th Cir.

2018) (requirements for a prima facie case of retaliation under Title VII).

The district court properly dismissed Kelly's non-support claims against

defendants Washington Federation of State Employees Labor Union ("WFSELU")

and Tole for lack of federal subject matter jurisdiction because Kelly failed to

allege a federal question or jurisdiction based on diversity of citizenship.  *See* 28

U.S.C. § 1331 (district courts have jurisdiction in "civil actions arising under the

Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332(a)(1)

(district courts have jurisdiction where there is a diversity of citizenship and the

amount in controversy exceeds $75,000).  Because the judgment does not specify

whether the district court dismissed these claims with or without prejudice, we

treat the judgment as a dismissal without prejudice of these claims only.  *See Kelly*

*v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissal for lack

of federal subject matter jurisdiction should be without prejudice).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents attached to the reply brief that were not filed

with the district court.  *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077

(9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**